AO 91 (Rev. 11/11) Criminal Complaint

*s/Daniel D. Gridley, Jr. 9-2-2026*

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Nickolas Jordan Rhodd<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. M-26- -CMS |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 30, 2026 and August 17, 2026 in the county of Noble and Kay in the Western District of Oklahoma, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent Cameron Crockett, ATF, which is incorporated and made a part hereof by reference.

☑ Continued on the attached sheet.

Cameron Crockett

*Complainant's signature*

Cameron R. Crockett, Special Agent, ATF

*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 3, 2026

Chris M. Stephens

*Judge's signature*

City and state: Oklahoma City, Oklahoma

CHRIS M. STEPHENS, U.S. Magistrate Judge

*Printed name and title*

**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

**STATE OF OKLAHOMA )**
**)**
**COUNTY OF OKLAHOMA )**

**AFFIDAVIT**

I, Cameron R. Crockett, having been duly sworn, depose and state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), a division of the United States Department of Justice, having been so employed since December 2025. Prior to my employment with the ATF, I was a Police Officer in Brookhaven, Georgia for approximately two years. I'm a graduate of the Department of Homeland Security's Criminal Investigator Training program as well as the ATF Special Agent Basic Training Program. As a Special Agent with ATF, I am vested with the authority to investigate violations of federal laws including Title 18 of the United States Code.

2. I have been assigned to the ATF Oklahoma City Field Office since December 2025. I am familiar with the information contained in this Affidavit through personal investigation and/or information received from other law enforcement officers, mentioned herein, who have participated in and/or have contributed documentary reports of their investigative efforts in this matter. This Affidavit contains information necessary to support the Complaint and is not intended to include every fact or matter observed or known by me.

3. This Affidavit is presented for the limited purpose of seeking a federal complaint and arrest warrant for **Nickolas Jordan RHODD ("RHODD")**. This Complaint and arrest warrant are sought for **RHODD's** violation of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm.

## FACTS SUPPORTING PROBABLE CAUSE

4. I have reviewed criminal history records for **RHODD** and found that he has been convicted of multiple felony offenses in Oklahoma including: Kay County District Court case number CF-20016-830, Noble County District Court case CF-2011-37, and Oklahoma County District Court case CF-2010-766. RHODD has served several terms in Oklahoma prison.

5. On or about July 30, 2026, a deputy with the Noble County Sheriff's Office (NCSO) was advised through dispatch of a vehicle pursuit approaching Noble County. Dispatch further advised that Pawnee Police Department (PPD) was in pursuit of a white Chevrolet Tahoe.

6. Deputies with NCSO joined the pursuit around Sooner Lake, located in Noble County. A deputy with NCSO activated their patrol vehicle's emergency lights and audible siren and attempted to catch up to the eluding Tahoe.

7. During the pursuit, the Tahoe entered a residential yard. While in the yard, a deputy made contact with the rear of the Tahoe. The Tahoe subsequently drove into a tree located near the northern portion of the fence line in the yard. A deputy was able to successfully pin the Tahoe into the tree.

8. The driver of the Tahoe exited the driver side seat of the Tahoe and ran on foot into the wood line. The same deputy who pinned the Tahoe exited their patrol vehicle and ran around the west side of the wooded area and observed the driver getting to his feet after crossing the fenced area and began to run north toward a pond

9. The deputy began to give the driver several verbal commands to stop and show his hands. The driver continued to run and jumped into the pond. The deputy told two PPD officers and another NCSO deputy that the driver had entered the pond and where about the driver had entered the pond.

10. The deputy went back to the Tahoe and observed a revolver in the front driver side floorboard. The deputy began to give commands to the front seat passenger, telling the front seat passenger to keep his hands up. The passenger was detained. The deputy asked the passenger who the driver of the Tahoe was.

11. A PPD officer located a receipt in the front driver's side area dated July 29, 2026, with **RHODD**'s name on it. The PPD officer was able to identify the firearm to be a loaded Charter Arms .38 Special revolver. The PPD officer also located a 30-06 bolt action rifle in the rear floorboard in plain view.

12. The passenger said the driver of the Tahoe was his nephew, **RHODD**. The deputy secured the passenger in the rear of his patrol vehicle before heading toward the pond. It was determined that **RHODD** was able to crawl out of the pond undetected and escape the perimeter law enforcement had around the pond.

13. On August 17, 2026, an agent with Oklahoma Bureau of Narcotics (OBN) was contacted by a United States Marshal Service (USMS) Task Force Officer (TFO) regarding the arrest of **RHODD** for an outstanding felony warrant (CF-2026-00072).

14. **RHODD** was placed under arrest in Kay County, near the intersection of Union Street and Albany Avenue in Ponca City, Oklahoma.

15. On August 17, 2026, the USMS conducted surveillance on **RHODD** and followed him as he traveled in the front passenger seat of a black Nissan Sentra. While conducting the arrest, a USMS TFO stated **RHODD** was actively moving around inside the vehicle, appearing to move forward and down toward the front passenger floorboard.

16. Once **RHODD** was placed under arrest, a clear baggie containing approximately 43 grams of methamphetamine was observed in plain view, situated in the front passenger seat, where **RHODD** had been sitting.

17. A search of the vehicle was conducted. A High Standard, .22LR caliber pistol was found underneath the front passenger seat where **RHODD** had been sitting. On **RHODD**'s person, a blue coin bag was found. Inside the bag was approximately $1,530.00 of United States currency.

18. On September 2, 2026, ATF Special Agent David McCauley, a Firearms Interstate Nexus Examiner, examined photographs of the Undercover .38 Special revolver, manufactured by Charter Arms Corporation, that was found on the driver side floorboard of the Tahoe in the July 30, 2026, incident where **RHODD** was sitting. Based on ATF Special Agent McCauley's training and experience, it's his opinion that the firearm was not manufactured in Oklahoma and therefore crossed state lines to reach Oklahoma, thereby affecting interstate commerce.

19. On September 2, 2026, ATF Special Agent David McCauley, a Firearms Interstate Nexus Examiner, examined photographs of the High Standard Incorporated pistol, that was found underneath the front passenger seat in the August 17, 2026, incident where **RHODD** was sitting. Based on ATF Special Agent McCauley's training and experience, it's his opinion that the firearm was not manufactured in Oklahoma and therefore crossed state lines to reach Oklahoma, thereby affecting interstate commerce.

20. Based upon the aforementioned facts and circumstances, I believe that probable cause exists that on or about July 30, 2026, and on or about August 17, 2026, within the Western District of Oklahoma, **Nickolas Jordan RHODD**, whom has been convicted of a crime punishable by imprisonment for a term exceeding one year, unlawfully possessed a firearm which had been shipped or transported in interstate or foreign commerce, in violation of 18 U.S.C § 922(g)(1).

CAMERON R. CROCKETT
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and subscribed before me this 3rd day of September, 2026.

CHRIS M. STEPHENS
U.S. MAGISTRATE JUDGE